**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| HUMANE SOCIETY OF THE UNITED STATES, ET AL., | ) ) ) ) |
| *Plaintiffs,* | ) ) ) Case No. 1:18-cv-1301 |
| v. | ) ) |
| U.S. FISH & WILDLIFE SERVICE, ET AL., | ) ) |
| *Defendants.* | ) ) ) |

## <u>MEMORANDUM OPINION</u>

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of

Jurisdiction, Dkt. 30, and Defendants' Motion to Dismiss for Failure to State a Claim. Dkt. 31.

For the following reasons, the Motions are granted.

## I. Background

Plaintiffs in this case, various animal rights groups, are suing the U.S. Fish and Wildlife

Service (FWS) and the U.S. Department of the Interior for alleged FOIA violations. Plaintiffs

have submitted various FOIA requests regarding African elephant and lion trophy permits dating

back to January 1, 2016. Plaintiffs argue the failure of FWS to produce the requested permits

within the statutory deadline prescribed by FOIA constitutes a FOIA violation and seek a

declaratory judgment that FWS has violated FOIA.

Plaintiffs also seek an injunction requiring Defendants to (1) immediately make available

via FWS' online reading room all existing records related to Endangered Species Act (ESA) and

Convention on International Trade in Endangered Species of Wild Flora and Fauna (CITES)

permit application materials pertaining to trophy imports of African elephants and lions

1

submitted on or after January 1, 2016; (2) on an ongoing basis to make all ESA and CITES permit application materials pertaining to trophy imports of African elephants and lions, records of decision for such permits, and enhancement and non-detriment findings supporting the issuance or denial of such permits available electronically and in a timely manner via FWS' online reading room; and (3) order FWS to provide an index or guide to the records it has posted and hereafter posts online.

At the time Plaintiffs filed the Amended Complaint, Defendants had not yet complied with Plaintiffs' request for release of the permits that had been issued from January 1, 2016 to present. Since the filing of the Amended Complaint, Defendants fulfilled Plaintiffs' FOIA request for these permits. Defendants argue this moots the Amended Complaint as to this declaratory judgment issue. Further, Defendants argue FOIA's reading room provision cannot be used to force agencies to proactively post records so Plaintiffs have failed to state a claim.

## II. Legal Standard

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) when "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Alternatively, dismissal under Rule 12(b)(1) is appropriate if the plaintiff cannot meet his burden of establishing a jurisdictional basis for the suit. *See id.* at 1215. When considering a Rule 12(b)(1) motion the Court must assume all facts alleged in the complaint are true. *Burke v. AT&T Tech. Servs. Co.*, 55 F. Supp. 2d 432, 436 (E.D. Va. 1999).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). Because a Rule 12(b)(6)

motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

### III. Analysis

This case involves FOIA's reading room provision. Under this provision, agencies are required to post certain records online. The statute, in relevant part, states:

> (2) Each agency, in accordance with published rules, shall make available for public inspection in an electronic format--
>
>> (A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;
>>
>> (B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register;
>>
>> (C) administrative staff manuals and instructions to staff that affect a member of the public;
>>
>> (D) copies of all records, regardless of form or format--
>>
>>> (i) that have been released to any person under paragraph (3); and
>>>
>>> (ii)(I) that because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; or
>>>
>>> (II) that have been requested 3 or more times; and
>>
>> (E) a general index of the records referred to under subparagraph (D); . . . .

5 U.S.C. § 552(a)(2).

*A. The Request for Existing Records is Moot*

Defendants first argue that Plaintiffs' FOIA claims for the permits dating back to January 1, 2016, and their corresponding request for a declaratory judgment that FWS was violating FOIA by not responding to the requests are moot because FWS has supplied the requested permits. Plaintiffs contend that despite the release of the records the Court may maintain jurisdiction because Defendants' actions amount to voluntary cessation and thus would not moot the case.

Plaintiffs' voluntary cessation argument fails because it was Plaintiffs' actions that resulted in mooting most of their claims. If the plaintiff's "own doing" is what "saps the controversy of vitality," voluntary cessation does not apply. *See City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001); *Initiative & Referendum Inst. v. U.S. Postal Serv.*, 685 F.3d 1066, 1074 (D.C. Cir. 2012).

Here, after this litigation had started, Plaintiffs submitted two new FOIA requests seeking copies of all elephant and lion Applications, Permits, and Findings dating back to January 1, 2016. In response, Defendants mailed copies of these records to the requestors and posted the records in Defendants' online reading room. Because Defendants have complied with Plaintiffs' requests, and because Defendants' actions were motivated by Plaintiffs' FOIA requests submitted during the course of the litigation, this issue is moot and the Court does not possess subject matter jurisdiction over the claim.[1]

*B. Plaintiffs' Request for the Proactive Posting of Future Records Fails to State a Claim*

---

[1] Plaintiffs argue a live controversy remains because Defendants have not provided an adequate index for the records. Section 552(a)(2)(E) only requires a "general index." Defendants argue they have provided a general index because documents have been organized by animal type. Plaintiffs argue this is insufficient. Neither party has provided, nor has the Court found, any cases where a party has challenged a general index under § 552(a)(2)(E). For the purposes of this case, the Court finds organizing the records by animals constitutes a "general index" under § 552(a)(2)(E).

Next, Plaintiffs request an injunction which would require Defendants to proactively post certain documents in the FWS reading room as the documents are created and issued. This fails to state a claim because § 552(a)(2)(D) does not require agencies to post records on a rolling basis into the future.

Section 552(a)(2)(D) states:

(2) Each agency, in accordance with published rules, shall make available for public inspection in an electronic format . . .

(D) copies of all records, regardless of form or format--

(i) that have been released to any person under paragraph (3); and

(ii)(I) that because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; or

(II) that have been requested 3 or more times . . . .

5 U.S.C. § 552(a)(2). The language of the statute itself – particularly the use of the term "record," indicates it is referring to information that already exists, not information that will be created in the future. *See Lipton v. EPA*, 316 F. Supp. 3d 245, 250 (D.D.C. 2018) ("And the ordinary understanding has long been that a 'record' is an existing document or other permanent, preserved account of past events."). Further, § 552(a)(2)(D) makes clear that it applies only to copies of records "that have been released to any person under paragraph (3)." § 552(a)(2)(D)(i). As the *Lipton* court emphasized, this statutory language "suggests that the particular information that must be published under the reading-room provision has to be the same information that has already been released in the past." *Lipton*, 316 F. Supp. 3d at 251.

It is impossible for a record that is not yet in existence to have been properly requested and released under paragraph (3). Thus, the reading room provision cannot be used to require

agencies to release documents proactively. If Plaintiffs wish to use FOIA to compel agencies to automatically post certain records Plaintiffs must convince Congress to revise the language of the statute, not seek injunctive relief from the courts.

### III. Conclusion

For the above reasons, the Court lacks subject matter jurisdiction over Plaintiffs' claims for past records because the controversy is no longer live, and Plaintiffs have failed to state a claim for future records. Defendants' Motions to Dismiss are granted. A separate Order shall issue.

_____
Liam O'Grady
United States District Judge

May 16, 2019
Alexandria, Virginia